# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CR-20-JFH |
| ) | |
| ANTHONY DEAN PRESTEL, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant Anthony Dean Prestel's ("Defendant") Motion for Discovery and Production of Documents Pursuant to Rule 6. (Docket No. 85). On April 29, 2024, United States District Judge John F. Heil, III, who presides over this case, referred the subject Motion to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1). (Docket No. 87). For the reasons set forth below, Defendant's Motion for Discovery and Production of Documents (Docket No. 85) is DENIED.

### I. Background

In December 2010, law enforcement was contacted after Anthony Dean Prestel's (hereafter "Defendant") family members located possible child pornography on Defendant's laptop computer. (Docket No. 91 at 1). As part of their investigation, law enforcement spoke with Defendant who consented to officers searching his laptop. *Id*. Defendant admitted to officers that there were images of child pornography on his computer, including images of S.S. who was Defendant's stepdaughter and was nine to ten years' old at the time of the charged conduct. *Id*. at 2. Defendant also admitted to having sex with S.S. from 2007 through 2010. *Id.*

Defendant was charged with two counts of Aggravated Sexual Abuse in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, 2241(c), and 2246(2)(B) and one count of Sexual

Exploitation of a Child, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). *Id.* Following negotiations with the Government, Defendant agreed to plead guilty to a one-count Information charging him with only one count of Sexual Abuse in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, 2242(2)(A) and 2246(2)(A). *Id.*

The terms of the plea were memorialized in a written plea agreement. Defendant agreed to the following factual basis for his guilty plea:

> On a date uncertain in or about January 2010 to on or about December 31, 2010, within the Eastern District of Oklahoma, in Indian Country, the defendant put his penis in S.S.'s vulva. At the time of the offense, S.S., an Indian, was 9 or 10 years old and incapable of appraising the nature of the conduct.

*Id.* As part of the written plea agreement, Defendant waived his appellate and post-conviction rights, agreed not to pursue or initiate any civil claims or suits against the United States of America its agencies or employees, waived all rights to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, and acknowledged with his signature that he was satisfied with the legal services provided by his attorney in connection with the plea agreement and matters related to it. (See Docket No. 42 at 2-15).

In exchange, under the "Sentencing Recommendations" section of the plea agreement, Defendant and the Government agreed a sentence of 300 months' imprisonment was an appropriate disposition. (Docket No. 91 at 2-3). Based on Defendant's criminal history category and offense level, the PSR calculated an advisory imprisonment range of 360 months to life. *Id.* at 3. In February 2022, the district court adopted the Rule 11(c)(1)(C) sentencing recommendation and imposed a sentence of 300 months, followed by a lifetime of supervised release. *Id.* From review of the sentencing transcript, the district court discussed the plea agreement with Defendant and Defendant confirmed he was not aware of any facts or circumstances which would change the

validity of his guilty plea. *Id.* In addition to the 300-month sentence, the district court imposed several special conditions of supervision. *Id.*

Despite his appellate waiver, Defendant filed a notice of appeal. (Docket No. 63). On appeal, he argued the district court's imposition of special conditions 4, 5, and 6 were unlawful. The Tenth Circuit affirmed his sentence, holding the appellate waiver in the plea agreement was valid and that Defendant had waived his right to appeal the three special conditions. *United States v. Prestel*, 60 F.4th 616 (10th Cir. 2023).

On April 28, 2023, Defendant filed a timely pro se motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. (*See Prestel v. USA,* 23-CV-140-JFH, Docket No. 1). Nearly a year later, Defendant filed the motion at issue seeking discovery under Rule 6(a) and (b) governing 20 U.S.C §2255. (Docket No. 85). In their Response, the United States argues Defendant's new claims are procedurally time barred and Defendant's request for discovery is not authorized by Rule 6 of the Rule Governing § 2255. (Docket No. 91 at 4). The Court agrees.

II.     Analysis

Defendant's underlying § 2255 Motion argues ineffective assistance of counsel for failure to challenge the integrity of the prosecution's case and failure to exercise a Constitutional right to a fair and timely investigation, indictment, and prosecution following his State Court conviction. Defendant also attacks this Court's jurisdiction. (*Prestel v. USA,* Case No. 23-CV-140-JFH at Docket No. 2). The United States argues, Defendant's Motion at issue now asserts new grounds attacking his conviction by alleging his counsel was ineffective by: (1) failing to "investigate and understand the applicability of the Federal Statute of conviction, and/or its essential elements[.]"; (2) failing to "follow Supreme Court Of the United States Of America rulings that are presented in Petitioner's 2255"; and (3) failing to "prove beyond a shadow of a doubt that Petitioner was not

3

a Native American, a [sic] element of his crime that must be proven beyond a reasonable doubt." *Id.* The United States argues Defendant's discovery motion should be rejected as untimely as such grounds were not raised within the one- year time limit for §2255 claims. (Docket No. 91 at 4-5). Furthermore, the United States argues that while Defendant did file a direct appeal following his sentencing, he did not raise any of these issues in his § 2255 claim nor in the present discovery motion;[1] as such, they are procedurally barred. *Id.* at 5.

"When a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (quotation omitted). Defendant gives no reason or cause for his failure to raise his issues on direct appeal, nor does he demonstrate that a fundamental miscarriage of justice would result from the application of the procedural bar.

Furthermore, habeas petitioners are generally "'not entitled to discovery as a matter of ordinary course.'" *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (quoting *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Instead, judges have the discretion to allow discovery in a § 2255 proceeding if the petitioner demonstrates "'good cause'" and where the petitioner "'has set forth good reason to believe he may be able to demonstrate he is entitled to relief.'" *United States v. Young*, 664 F. App'x 686, 689 (10th Cir. 2016) (unpublished) (quoting *Curtis,* 626 F.3d at 549). Defendant has not provided specific information to show that his request for discovery would produce evidence supporting his ineffectiveness of counsel claim. Defendant's motion seeks all forms of communication between defense counsel and the government related to jail recordings,

---

[1] The sole issue on appeal was whether the district court erred in imposing special conditions 3, 4, and 5 of supervised release.

4

alibi defenses, exculpatory evidence, other plea agreements, and alibi witnesses, in an attempt to prove his actual innocence. (Docket No. 86 at 4-5). However, Defendant cannot make a showing of actual innocence since he pled guilty to the crime, admitted his crimes to investigators, and provided a sworn statement supporting the factual basis to accept his plea of guilt. *See Scott v. United States*, No. 2:14-CV-0092-SWS, 2015 WL 10877548, at *8 (D. Wyo. Apr. 29, 2015) ("Defendant's guilty plea established her participation in the criminal conspiracies and her present fantastical assertions of the supposedly real facts of this case do not undermine the Court's confidence in her unequivocal admission of guilt."). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Furthermore, Defendant has not provided "'specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.'" *United States v. Corrales*, No. 07-40078-01-SAC, 2011 WL 3880900, at *2 (D. Kan. Aug. 31, 2011) (quoting *Bracy,* 520 U.S. at 908-09). "Mere speculation" over exculpatory material is "unlikely to establish good cause for a discovery request on collateral review." *Strickler v. Greene*, 527 U.S. 263, 286 (1999). Defendant has not offered specific allegations on what facts would be developed through the requested discovery as to entitle him to relief. "Merely claiming discovery is necessary is insufficient." *United States v. Tuakalau*, 562 F. App'x 604, 610 (10th Cir. 2014). Consequently, Defendant has not presented sufficient facts to justify discovery, nor has he provided compelling grounds to suggest he would be entitled to relief.

### III.    Conclusion

For all the foregoing reasons, the Court DENIES Defendant's Motion for Discovery and Production of Documents Pursuant to Rule 6 (Docket No. 85).

IT IS SO ORDERED this 1st day of August, 2024.

_____
D. Edward Snow
United States Magistrate Judge